Case 4:12-cv-00470-A Document 14 Filed 08/21/12 Page 1 of 10 PageID 164
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 21 2012
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROBERT OLIVAS, §
§
    Plaintiff, §
§
VS. § NO. 4:12-CV-470-A
§
JPMORGAN CHASE BANK, N.A. §
§
    Defendant. §

MEMORANDUM OPINION
and
ORDER

Now before the court is the first amended notice of removal filed in the above-captioned action by defendant, JPMorgan Chase Bank, N.A. ("defendant"). Defendant has alleged diversity of citizenship under 28 U.S.C. § 1332 as the sole basis for removal. Having considered the first amended notice of removal and the original state court petition of plaintiff, Robert Olivas ("plaintiff"), attached thereto, the court concludes that defendant has failed to sufficiently allege the required amount in controversy, and that the case should be remanded to the state court from which it was removed.

I.

Background

Plaintiff initiated this action by filing his original petition on June 20, 2012, against defendant in the District

Court of Tarrant County, Texas, 48th Judicial District, as Cause No. 048-259868-12. Defendant filed a notice of removal on July 11, 2012, to this court. On August 13, 2012, pursuant to this court's order, defendant filed its first amended notice of removal. Defendant alleges that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiff and defendant, and an amount in controversy exceeding the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

In the prayer of his petition, plaintiff does not state a specific amount of damages. Nor is there any other statement of the amount of damages contained elsewhere in the petition. However, defendant contends that because plaintiff seeks injunctive relief to bar any foreclosure proceedings on the property, the minimum amount in controversy should be based on the fair market value of the property, which defendant contends is $235,200. Am. Notice of Removal at 3, ¶ 9. In support of its position, defendant cites to legal authority standing for the proposition that the right, title, and interest plaintiff has in the property constitutes the proper measure of the amount in controversy in an action such as this one, where plaintiff could be divested of the property entirely. Id. at 3-4, ¶ 9.

Defendant also argues that plaintiff prays for a "positive injunction" that would require defendant to "permanently modify Plaintiff's loan," and that the costs and losses defendant could potentially bear should be factored into the amount in controversy. Id. at 4, ¶ 10 Defendant contends that plaintiff:

> is not merely seeking to return the parties to their respective positions prior to the payment dispute; he is seeking a permanent reduction in his mortgage payments that he has no contractual right to receive, effectively amounting to an ongoing recovery from defendant for the life of the contract.

Id. at 4, ¶ 11 (emphasis in original). Defendant argues that if plaintiff were to obtain such an injunction, the terms of the mortgage contract would change, and, as a result, defendant "would lose not only the amounts no longer due to be paid as a result of the new contract terms, but also the costs of complying with the injunction." Id. Thus, defendant claims that these losses and costs, combined with the value of the subject property, the principal amount on the mortgage note, and the value of the injunctive relief sought, suffice to meet or exceed the minimum amount in controversy requirement of $75,000 for diversity jurisdiction. Id. at 5, ¶ 12.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that

the amount in controversy in this action meets or exceeds the required amount.

## II.

### Basic Principles

The court begins with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks

to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. <u>Vraney v. Cnty. of Pinellas</u>, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." <u>Leininger v. Leininger</u>, 705 F.2d 727, 729 (5th Cir. 1983).

III.

<u>Analysis</u>

Plaintiff's petition does not make a demand for a specific amount of damages, does not specify a dollar amount of recovery sought that is at least $75,000, and does not define with specificity the value of the right it seeks to protect or the extent of the injury it seeks to prevent. As a result, the court

evaluates the true nature of plaintiff's claims to determine the amount actually in controversy between the parties.

The true nature of this action is to prevent defendant from taking possession of the property pursuant to its foreclosure proceedings, and to require defendant to modify plaintiff's loan so that plaintiff may continue to occupy the property. As the petition alleges, plaintiff pursues these goals by seeking an order (1) restraining defendant from foreclosing on the property; (2) requiring defendant to modify plaintiff's loan; and (3) awarding unspecified actual damages resulting from defendant's alleged violation of the Texas Debt Collection Act, reasonable attorney's fees, costs, and expenses. Am. Notice of Removal, Ex. A-2 at 7. Thus, considering plaintiff's original petition, the court has not been provided with any information from which it can determine that the value to plaintiff of such relief is greater than $75,000.

Defendant contends that the fair-market value of the property should serve as the amount in controversy because plaintiff requests equitable relief to enjoin defendant from foreclosing on the property. Am. Notice of Removal at 3-4, ¶ 9 (citing Govea v. JPMorgan Chase Bank, N.A., No. H-10-3483, 2010 WL 5140064 at *3-4 (S.D. Tex. Dec. 10, 2010)). Defendant relies on the oft-cited argument that "[t]he amount in controversy, in

an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." Am. Notice of Removal at 3, ¶ 8 (quoting St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998)). In the section of its amended notice of removal quoted in section I of this memorandum opinion, defendant suggests that plaintiff's interest in the property is $235,200, which defendant describes as the "fair-market value" of the property. Am. Notice of Removal at 3, ¶ 9.

The court is not persuaded by the argument that this figure supplies the basis for plaintiff's interest in the property, especially given that plaintiff has not pleaded how much equity he has in the property. Defendant does not cite to, nor can the court discern, any such statement in the petition to support a finding that the value of the property is the amount in controversy. That is, defendant's attribution of the $235,200 figure as damages is an act of its own doing--not plaintiff's. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1]

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning
(continued...)

Plainly, the sole goal of plaintiff's action is to avoid or delay a foreclosure sale and to be able to retain possession of the property. Nothing is alleged that would assign a monetary value to plaintiff's accomplishment of those goals. While plaintiff appears to request equitable relief based on a claim that he is entitled to hold legal title in the property, he does not assert that such relief is based on a claim that he has outright ownership of the property, free from any indebtedness. Indeed, plaintiff makes statements to suggest that his ownership of the property *is* encumbered by a debt, as the petition states that defendant is the "current holder and servicer of the note at issue in this lawsuit and the current mortgagee on the deed of trust at issue in this lawsuit." Am. Notice of Removal, Ex. A-2 at 2, ¶ 9. The value to plaintiff of his rights in the litigation is, at most, the value of his interest in the property, not the value of the property itself. Thus, defendant has not established the value of plaintiff's interest in the property.

---

[1](...continued)
for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

The court likewise rejects defendant's argument that (1) defendant's potential costs associated with having to comply with a possible injunction, and (2) defendant's potential losses if plaintiff's monthly payments are reduced, should be included as part of the amount in controversy.  In support of its argument, defendant claims that "recent authority holds that the Defendant's potential costs in complying with such an injunction are 'a direct pecuniary consequence of any judgment in the litigation' and must be included as part of the amount in controversy."  Am. Notice of Removal at 4, ¶ 10 (quoting In re M3Power Razor Sys. Mktg. & Sales Practices Litig., No. 05-11177-DPW, 2007 WL 128846 at *4 (D. Mass. Jan. 11, 2007)).  However, courts within the Fifth Circuit have repeatedly reiterated that the amount in controversy must be determined by the value of the relief sought by the plaintiff, not the possible costs to the defendant of compliance with an injunction.  See Alfonso v. Hillsborough Cnty. Aviation Auth., 308 F.2d 724, 727 (finding that amount in controversy was not met in a suit by neighboring homeowners to enjoin the use of an airport, when the loss to individual homeowners was less than $10,000, even though the potential loss to the airport would far exceed the amount in controversy); Sims v. AT & T Corp., No. 3:04-CV-1972-D, 2004 WL 2964983 at *3 (N.D. Tex. Dec. 22, 2004) (holding that the

defendant "cannot establish that the amount in controversy requirement is satisfied based on the pecuniary consequence of its compliance with the requested declaratory and injunctive relief" and reiterating that the "value <u>to the plaintiff</u> of the right to be enforced" was the proper measure of the amount in controversy) (emphasis in original). Thus, defendant's potential costs and losses of complying with a possible injunction cannot establish the jurisdictional amount in controversy.

Defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

IV.

<u>Order</u>

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED August 21, 2012.

_____
JOHN McBRYDE
United States District Judge